MARILYN HOTCHKISS *v.* CHRISTOPHER BARNHART
(2089)

DANNEHY, C.P.J., HULL and BORDEN, Js.

Argued March 6—decision released June 19, 1984

*Sean C. Butterly,* with whom was *James P. Caulfield,* for the appellant (plaintiff).

*Mitchell M. Berger,* for the appellee (defendant).

PER CURIAM. The plaintiff appeals from a judgment by the court in favor of the defendant in a negligence action arising out of an automobile accident at a highway intersection. The court found that the plaintiff was negligent in failing to yield the right of way when making a left hand turn thereby violating General Statutes § 14-242 (e). From the judgment, the plaintiff appeals.[1]

The critical issue at the trial was whether the defendant had proceeded far enough into the intersection to constitute an "immediate hazard" within the meaning of General Statutes § 14-242 (e). The court found that the defendant had so proceeded, thereby obligating the plaintiff to yield the right of way to the defendant.

In a case of this type, the credibility of witnesses is of particular significance. It is axiomatic that it is within the province of the trial court to assess that credibility. *Gallicchio Bros., Inc.* v. *C & S Oil Co.,* 191 Conn.

---

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

104, 109, 463 A.2d 600 (1983). The trial court is in the best position to observe the demeanor and conduct of the witnesses and parties, which is not reflected in a printed record. *Lupien* v. *Lupien,* 192 Conn. 443, 445, 472 A.2d 18 (1984). This court will not reject a factual finding unless it is clearly erroneous. Practice Book § 3060D; *Lupien* v. *Lupien,* supra. There is nothing in the record before us which indicates that the factual findings of the trial court were clearly erroneous.

There is no error.